UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------
IN RE:

    LELAND MURDOCK, JR.                CASE NO. 07-61934

                          Debtor             Chapter 7
----------------------------------------------------------
APPEARANCES:

L. DAVID ZUBE, ESQ.
Attorney for Chapter 7 Trustee
59 Court Street - 5th Floor
Binghamton, New York 13901

PETER A. ORVILLE, ESQ.
Attorney for Debtor
30 Riverside Drive
Binghamton, NY 13905

Hon. Stephen D. Gerling, Chief U.S. Bankruptcy Judge

**MEMORANDUM-DECISION, FINDINGS OF FACT,
CONCLUSIONS OF LAW AND ORDER**

Under consideration by the Court is an objection filed by L. David Zube, the chapter 7 trustee ("Trustee") in the case of Leland Murdock, Jr. ("Debtor"), on September 12, 2007, to the Debtor's claim of a homestead exemption pursuant to § 5206 of the New York Civil Practice Law and Rules ("NYCPLR"). The Debtor filed his reply on September 18, 2007, in opposition to the Trustee's objection.

A hearing was held at the Court's regular motion term in Binghamton, New York, on October 16, 2007. The Trustee's objection was adjourned to November 20, 2007, and following oral argument was adjourned to December 20, 2007. On December 20, 2007, the Court indicated

that it would allow both parties the opportunity to file additional memoranda of law. The matter was submitted for decision on January 25, 2007.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1), (b)(2)(A), (B) and (O).

## FACTS

The Debtor filed a voluntary petition pursuant to chapter 7 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code") on March 30, 2007. In his Petition, the Debtor lists his address as 264 South Road, West Winfield, New York (the "Farm"). According to Schedule A, the Debtor identified no ownership in real property. However, on Schedule C, the Debtor claims an exemption in his "share of proceeds from sale of farm," in the amount of $15,957.16, pursuant to NYCPLR § 5206(a). Debtor indicates that he "sold farm house with 220 acres land and barn, no cattle or equipment for $320,617.83. Proceeds used to pay mortgages and realtor fees." *See* Question 10 - "Other transfers" of the Debtor's Statement of Financial Affairs. Furthermore, in his Statement of Financial Affairs, he also indicates payments made in full on March 15, 2007, fifteen days prior to filing his Petition to the following Creditors:

| | |
|---|---:|
| NBT Bank | $ 24,463.90 |
| Farm Service Agency | 172,961.26 |
| Carolina Eastern-Vail Inc. | 17,170.85 |

3

        Genex Cooperative Inc.      1,976.78
        Richer Feeds               19,416.23

According to the Trustee, the Debtor testified at the § 341 meeting of creditors that he and his wife sold the Farm on March 15, 2007, and after payment of the mortgages, certain other claims and closing costs, the remaining proceeds totaling $40,212.31 were split between the Debtor and his wife. According to the Debtor, at the time he filed his Petition there remained a balance of $15,957.16 as his share of the proceeds, which allegedly is being held in his attorney's escrow account.

## ARGUMENTS

The Trustee objects to the Debtor's claim of exemption in the remainder of the proceeds from the sale of the Farm. Trustee points out that the Debtor did not own the Farm at the time he filed his Petition and the sale was voluntary, making CPLR § 5206(e) inapplicable.[1]

Debtor's counsel indicates that both the Debtor and his wife are 76 years old and have resided at the farm for approximately 49 years. Debtor's counsel asserts that the Debtor sold the Farm because he was physically unable to continue operating it. According to Debtor's counsel, the purchaser has taken over the farming operation; however, the Debtor and his wife continue

---

[1] CPLR § 5206(e) provides that in the case of the "[s]ale of homestead exceeding fifty thousand dollars in value. A judgment creditor may commence a special proceeding in the county in which the homestead is located against the judgment debtor for the sale . . . Money, not exceeding fifty thousand dollars, paid to a judgment debtor, as representing his interest in the proceeds, is exempt for one year after the payment, unless, before the expiration of the year, he acquires an exempt homestead, in which case, the exemption ceases with respect to so much of the money as was not expended for the purpose of that property . . .

4

to live in the farmhouse and "will attempt to repurchase just the farmhouse from the buyer, using the funds retained from the sale proceeds for a down payment." *See* Memo and Supplemental Reply to Trustee's Objection to Claimed Exemption, filed December 17, 2007, at ¶¶ 3-4. It is the Debtor's position that even though the Farm was not sold at a forced sale as provided for in CPLR § 5206(e), the Court should liberally construe the exemption in favor of the Debtor. As an alternative, the Debtor argues that he is at least entitled to the $2,500 cash exemption.

**DISCUSSION**

Pursuant to New York Debtor and Creditor Law ("NYD&CL") § 284, New York State has "opted out" of the federal exemption scheme set forth in Code § 522(d), choosing instead to provide its own exclusive set of exemptions in bankruptcy for debtors domiciled in the state. NYCPLR § 5206(a), the New York State homestead exemption, is listed among those exemptions permissible under NYD&CL § 282. NYCPLR § 5206(a) provides in pertinent part that: "[p]roperty of one of the following types, not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof: 1. a lot with a dwelling thereon, . . . ." The exemption allowed under NYCPLR §5206(a) may be aggregated by joint debtors who may claim as exempt up to $100,000 in the equity of the homestead property. The purpose of the statute is to protect a debtor from having his/her home seized to satisfy a money judgment and to protect a debtor's home in the event of bankruptcy. *See In re Ellerstein*, 105 B.R. 214, 216 (Bankr. W.D.N.Y. 1989); *In re Miller*, 103

5

B.R. 65, 67 (Bankr. N.D.N.Y. 1989). As the Court pointed out in *Miller*, "actual occupancy of the disputed property, along with ownership, is a prerequisite to exercising the homestead exemption." *Id.* (citations omitted).

The Debtor cites various cases in which the courts determined that the homestead exemption was proper despite the fact that the debtor had not occupied the real property at the time he/she filed his/her bankruptcy petition. *See, e.g., In re Warren*, 38 B.R. 290, 291 (Bankr. N.D.N.Y. 1984). In *Warren* the debtor had not occupied the premises for the year prior to filing his chapter 7 petition. The Court found special circumstances existed, namely what was hoped to be a temporary marital separation, and allowed the homestead exemption in order to "effectuate the purpose and function of the New York homestead exemption, and to prevent an inequitable injury to the Debtor and his family." *Id.* at 293. It appears that Debtor is now taking the position that if the Court allowed the homestead exemption to a debtor that did not occupy the residence at the time of filing, it should be just as liberal in holding that the ownership requirement may also be overlooked in the appropriate circumstances in order to carry out the purpose of the statute.

In further support of this argument, the Debtor directs the Court to *Connelly v. Roach*, 79 B.R. 159 (W.D.N.Y. 1997). In that case, the debtor had no legal title to the real property serving as her principal residence at the time she filed. However, she inherited a half interest in the property from her mother within 180 days of filing her petition. The bankruptcy court concluded that because her interest in the property related back to the date the petition was filed pursuant to Code § 541(5), "it would be inequitable not to allow the debtor to exempt her interest in such property to the extent the exemption would have been permissible if the debtor's interest in such

6

property had actually existed at the time of filing." *In re Roach*, Case No. B-84-10047 (Bankr. W.D.N.Y. March 28, 1986). The district court agreed, holding that "[w]hen inherited property is swept back into a debtor's estate by operation of 11 U.S.C. § 541(a)(5), then the exemptions which ordinarily relate to the property should also apply." *Connelly*, 79 B.R. at 160.

Needless to say, the matter before the Court does not involve real property that the Debtor inherited postpetition and which is being "swept back" into the estate pursuant to Code § 541(a)(5). Rather, it involves proceeds from the sale of real property. At the time the Debtor filed his Petition, he had neither a legal nor contingent interest in the Farm. Whether he and his wife ultimately will be able to obtain a legal interest in it at some time in the future, as apparently is their intent, it still does not constitute a basis for allowing him to claim a homestead exemption in the proceeds.

Several states include an exemption in the proceeds from the voluntary sale of a debtor's residence. For example, South Dakota allows an exemption in the proceeds of a voluntary sale of the homestead, not exceeding $30,000, for a period of one year after their receipt. *See In re Pierce*, 50 B.R. 718, 719 (Bankr. D.S.D. 1985), citing S.D. Codified Laws, §§ 43-45-3; *see also In re Ziegler*, 239 B.R. 375, 379 (Bankr. C.D. Ill. 1999), citing § 12-906 of the Illinois Code of Civil Procedure and holding that "proceeds received upon the sale are entitled to protection only if there is a good faith intent to reinvest the proceeds in another homestead").

New York does not have such a statute. As stated by the Arkansas Supreme Court in *Drennen v. Wheatley*, 210 Ark. 222, 227, 195 S.W.2d 43, 44-45 (Ark. 1946), interpreting a similar state statute as New York's and responding to the appellant's argument in that case that exemption laws must be liberally construed,

> courts may not, under the guise of construction, read into the constitution and statutes something that the framers thereof did not see fit to place there. *** The general rule is that, in the absence of specific constitutional authority therefor, there is no right on the part of a debtor to claim exempt funds arising from the voluntary sale of his homestead. "In the absence of statutory provisions to the contrary, the voluntary sale of homestead property is held, in a majority of jurisdictions, to be a complete extinguishment of the homestead right; and consequently the proceeds of such a sale, until invested in other exempt property, may be subjected to the claims of creditors." 26 AM. JUR. 31.

*Id.* at 227, 195 S.W.2d at 44-45; *contra Orange Brevard Plumbing & Heating Co. v.* LaCroix, 137 So.2d 201, 206(Fla. 1962) (stating that

> in recognition of the liberal interpretation of the homestead exemption to which this court is committed, we hold the proceeds of a voluntary sale of a homestead to be exempt from the claims of creditors just as the homestead itself is exempt if, and only if, the vendor shows, by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds thereof in another homestead within a reasonable time).

The court in *In re Blair*, 125 B.R. 303 (Bankr. D.N.M. 1991) was confronted with a situation almost identical to that now before this Court. In *Blair* the residence was sold on April 23, 1990, in connection with an agreement to divide community assets as part of the debtors' divorce. The debtors filed separate chapter 7 petitions in July 1990 and each debtor claimed a homestead exemption in the proceeds. The debtors urged that the court apply a liberal reading to the homestead exemption under New Mexico law, despite the fact that neither debtor owned "a dwelling house and land" to claim as exempt under the state statute at the time they filed their bankruptcy petitions. The court recognized the different approaches taken in various states providing for exemptions in proceeds from the voluntary sale of a homestead and noted that "[t]he states which allow an exemption for proceeds from a voluntary sale of a homestead have made the allowance clear in their statutes. The inclusion of a provision dealing with proceeds is

8

not a recent development in the law." *Id.* at 305. The court pointed out that the New Mexico legislature had had an ample opportunity to amend the homestead exemption to include proceeds from a voluntary sale, having amended the statute five times since 1971. *Id.* Acknowledging the conclusion in *Orange Brevard*, the court, nevertheless, concluded that where there was no specific provision concerning proceeds from a voluntary sale of a homestead, it would not "rewrite the statute to provide for such an exemption." *Id.*

If the Court were to agree with the position taken by the Debtor, it can conceive of many problems. For example, assume a couple of weeks prior to filing bankruptcy the debtor's mother sold real property in which she and her son had resided for some 40 years and turned over a portion of the proceeds to the debtor in order for him to use those monies to purchase a new residence. Under the rationale of Debtor's counsel, he should be entitled to claim a homestead exemption in those monies based on his prior occupancy of the real property and an intention to use the proceeds from the sale within a reasonable time to purchase a new residence. The Court believes this result goes far beyond the intent of the statute.

Admittedly, the equitable arguments made by Debtor's counsel that the Debtor has resided on the Farm for approximately 49 years and continues to reside there with his wife are more compelling than the hypothetical suggested by the Court. However liberal might be the approach of courts in interpreting the state homestead exemptions, this Court, under these circumstances, cannot conclude that the Debtor is entitled to an exemption in the sale proceeds. At the time the Debtor filed his Petition he did not have any legal interest in the Farm. Instead, he holds proceeds from its voluntary sale.

NYCPLR § 5206(e) applies only to <u>involuntary</u> sales. Like New Mexico, the New York

9

legislature has had ample opportunity to exempt proceeds from the voluntary sale of a homestead, most recently when it amended the statute in 2005 to increase the limit of the homestead exemption from $10,000 to $50,000. It made no such amendment. Accordingly, like the court in *Blair*, the Court must deny the Debtor's claim of a homestead exemption. He is entitled to claim a cash exemption of $2,500, however.

Based on the foregoing, it is hereby

ORDERED that the Trustee's objection to the Debtor's claim of a homestead exemption in the proceeds from the prepetition sale of the Farm is sustained.

Dated at Utica, New York

this 17th day of March 2008

/s/   Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge